UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATHERINE MERRILL DUNHAM,
Plaintiff,

      v.

WBZ-TV, COLUMBIA BROADCASTING
SYSTEM, INC., PARAMOUNT GLOBAL, INC.,
JASON MIKELL, JUSTIN DRAPER, and
MICHAEL RODERICK,
Defendants.

Civil Action No. 1:25-cv-12195-(JMJ)

PLAINTIFF KATHERINE MERRILL DUNHAM'S OPPOSITION TO THE DEFENDANTS'
MOTION TO DISMISS COUNTS I, IV, AND V

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

STATEMENT OF FACTS RELEVANT TO MS. MERRILL'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS ........................................................... 1

LEGAL STANDARD .......................................................................................... 5

ARGUMENT ....................................................................................................... 6

I.      Defendants' Motion to Dismiss Count I (Gender / Sex Discrimination Under Title VII
        and M.G.L. Chapter 151B) Must be Denied as Ms. Merrill Has Sufficiently Pleaded That
        She Was Treated Differently Because of Her Gender / Sex ............................... 6

II.     Defendants' Motion to Dismiss Count IV (Defamation) Must Also be Denied as
        Defendants' Actions and Communications, Taken Together, Establish a Prima Facie Case
        of Defamation, and Ms. Merrill Has Sufficiently Pleaded Malice So As to Defeat the
        Common Interest Privilege at the Motion to Dismiss Stage ............................... 9

III.    Defendants' Motion to Dismiss Count V (Tortious Interference with Advantageous
        Relations Against Mikell, Draper and Roderick) Must be Denied as Ms. Merrill Has
        Sufficiently Pleaded Malice and her Claims are Not Barred by Privilege and Presumption
        ................................................................................................................. 14

        A.      Ms. Merrill's Tortious Interference Claim Against Defendant Roderick Should
                Not Be Dismissed ............................................................................... 14

        B.      Ms. Merrill's Tortious Interference Claim Against Defendant Draper Should Not
                Be Dismissed ..................................................................................... 17

        C.      Ms. Merrill's Tortious Interference Claim Against Defendant Mikell Should Not
                Be Dismissed ..................................................................................... 17

CONCLUSION.................................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Abramian v. President of Harvard Coll.*, 432 Mass. 107 (2000)............................................. 12, 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)............................................................ 5, 7

*Bhammer v. Loomis, Sayles & Co.*, Civil Action No. 15-14213-FDS, 2016 U.S. Dist. LEXIS
    91669 (D. Mass. July 14, 2016) ........................................................................................... 15

*Bhatti v. Trs. of Bos. Univ.*, 659 F.3d 64 (1st Cir. 2011) .......................................................... 6

*Blackstone v. Cashman*, 448 Mass. 255 (2007) ...................................................................... 14

*Bottomley v. Bos. Pub. Schs*, Civil Action No. 1:17-cv-12107-LTS, 2018 U.S. Dist. LEXIS
    213610 (D. Mass. Dec. 19, 2018) ........................................................................................ 8

*Brodbeck v. Mass. Dep't of Corr.*, No. 18-cv-10855-DJC, 2021 U.S. Dist. LEXIS 138009 (D.
    Mass. July 23, 2021) ............................................................................................................ 8

*Brothers v. Town of Millbury*, No. 14-10122-TSH, 2014 U.S. Dist. LEXIS 112968 (D. Mass.
    Aug. 14, 2014) ........................................................................................................... 14, 16

*Catrone v. Thoroughbred Racing Associations of North America,* 929 F.2d 881 (1st Cir. 1991) 11

*Cocuzzo v. Trader Joe's East Inc. et al.*, No. 22-10162-LTS, 2023 U.S. Dist. LEXIS 155289 (D.
    Mass. July 28, 2023) ............................................................................................................ 7

*Conley v. Gibson*, 355 U.S. 41 (1957) ...................................................................................... 5

*Dick v. Woods Hole Oceanographic Inst.*, No. 21-cv-10007-DJC, 2021 U.S. Dist. LEXIS 138814
    (D. Mass. July 26, 2021) ..................................................................................................... 15

*Disend v. Meadowbrook Sch.*, 33 Mass. App. Ct. 674 (1992)............................................. 10, 14

*Downey v. Johnson*, 104 Mass. App. Ct. 361 (2024).................................................................. 8

*Evans v. Staples, Inc.*, 375 F. Supp. 3d 117 (D. Mass. 2019)..................................................... 6

*Eyal v. Helen Broadcasting Corp.*, 411 Mass. 426 (1991) ........................................................ 5

*Freadman v. Mass. Port Auth.*, No. 2084CV02211, 2022 Mass. Super. LEXIS 20 (Jan. 6, 2022)
    .............................................................................................................................................. 10

*Goldhor v. Hampshire College*, 25 Mass. App. Ct. 716 (1988) ............................................... 10

*Iannacchino v. Ford Motor Co.*, 451 Mass. 623 (2008)............................................................. 6

*Jimenez Nieves v. United States*, 682 F.2d 1 (1st Cir. 1982) .................................................... 10

*Jorjani v. N.J. Inst. of Tech.*, No. 18-cv-11693, 2019 U.S. Dist. LEXIS 39026 (D.N.J. Mar. 11, 2019) ................................................................................................................................ 11

*Krolikowski v. Univ. of Mass. Mem'l Med. Ctr.*, Civil Action No. 00-11947-PBS, 2002 U.S. Dist. LEXIS 8984 (D. Mass. May 16, 2002) ............................................................................ 9

*Lawless v. Estrella*, 99 Mass. App. Ct. 16 (2020) ........................................................................ 12

*LeGoff v. Trs. of Bos. Univ.*, 23 F. Supp. 2d 120 (D. Mass. 1998) ........................................ 12, 17

*Lin v. CGIT Sys.*, No. 20-11051-MBB, 2021 U.S. Dist. LEXIS 179695 (D. Mass. Sep. 21, 2021) ................................................................................................................................................ 8

*Lucien v. Conlee*, 26 Mass. L. Rep. 81 (2009) ............................................................................. 10

*Mailhiot v. Liberty Bank & Trust Co.*, 24 Mass. App. Ct. 525 (1987) ........................................ 15

*McCone v. New England Tel. & Tel. Co.*, 393 Mass. 231 (1984) ................................................ 14

*McKee v. Cosby*, 236 F. Supp. 3d 427 (D. Mass. 2017) .............................................................. 11

*McKee v. Cosby*, 874 F.3d 54 (1st Cir. 2017) ............................................................................... 11

*McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 419 F.3d 47 (1st Cir. 2005) ............................ 5

*McNamee v. Jenkins*, 52 Mass. App. Ct. 503 (2001) ................................................................... 17

*Mekonnen v. ABM Parking Servs.*, Civil Action No. 14-12389-IT, 2014 U.S. Dist. LEXIS 144373 (D. Mass. Oct. 10, 2014) ........................................................................................... 8

*Moore v. La-Z-Boy, Inc.*, C. A. No. 07-CV-10708-RGS, 2008 WL 2247146 (D. Mass. May 30, 2008) ........................................................................................................................................... 5

*Noonan v. Staples, Inc.,* 556 F.3d 20 (1st Cir. 2009) .................................................................... 11

*O'Donnell v. Boggs*, 611 F.3d 50 (1st Cir. 2010) ........................................................................ 16

*Petsch-Schmid v. Boston Edison Co.*, 914 F. Supp. 697 (D. Mass. 1996) ................................... 10

*Phelan v. May Dep't Stores Co.*, 443 Mass. 52 (2004) ............................................................... 10

*Pine Polly, Inc. v. Integrated Packaging Films IPF, Inc.*, No. 13-11302-NMG, 2014 U.S. Dist. LEXIS 36757 (D. Mass. Feb. 27, 2014) ................................................................................. 15

*Polay v. McMahon*, 468 Mass. 379 (2014) ..................................................................................... 5

*Privitera v. Curran (In re Curran)*, 855 F.3d 19 (1st Cir. 2017) ............................................. 5, 17

*Rule v. Fort Dodge Animal, Inc.*, 604 F. Supp. 2d 288 (D. Mass. 2009) ....................................... 5

*Sabatini v. Knouse*, 105 Mass. App. Ct. 174 (2025) .................................................................... 12

*Santa-Rosa v. Combo Records*, 471 F.3d 224 (1st Cir. 2006) ....................................................... 5

*Schrottman v. Barnicle*, 437 (1982) ............................................................................................. 11

*Simas v. First Citizens' Fed. Credit Union*, 63 F. Supp.2d 110 (D. Mass. 1999) ......................... 10

*Smith v. Egan*, No. 24-cv-11794-DLC, 2025 LX 488854 (D. Mass. Sep. 29, 2025) .................. 18

*Students for Fair Admissions v. Harvard*, 600 U.S. 181 (2023) ............................................. 12, 17

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ................................................................. 5

*Trustees of Health & Hosps. of Boston v. Massachusetts Commn. Against Discrimination*, 449 Mass. 675 (2007) .................................................................................................................... 7

*Tzoc Santay v. Ice House LLC*, Civil Action No. 24-cv-11583-ADB, 2024 U.S. Dist. LEXIS 207813 (D. Mass. Nov. 15, 2024) .......................................................................................... 8

*Velez v. Thermo King de P.R., Inc.*, 585 F.3d 441 (1st Cir. 2009) .......................................... 7

*Weber v. Cmty. Teamwork, Inc.*, 434 Mass. 761 (2001) ....................................................... 12, 16

*Williams v. Mass. College of Pharm. & Allied Health Scis.*, 2013 U.S. Dist. LEXIS 46886 (D. Mass. 2013) ............................................................................................................................ 9

*Yesterday's Children v. NLRB*, 115 F.3d 36 (1st Cir. 1997) ................................................. 7

## RULES

Fed. R. Civ. P. 8(d)(2) ............................................................................................................ 9

Fed. R. Civ. P. 8(d)(3) ............................................................................................................ 9

Mass. R. Civ. P. 8(e)(2) .......................................................................................................... 9

Mass. R. Civ. P. 18(a) ............................................................................................................ 9

## OTHER AUTHORITIES

*Wright & Miller, Federal Practice and Procedure* § 1356 ..................................................... 6

# INTRODUCTION

Ms. Merrill brings this action against (a) WBZ-TV, Columbia Broadcasting System, Inc., Paramount Global, Inc., and Justin Draper seeking redress for unlawful discrimination on the basis of gender (Count I); (b) WBZ-TV, Columbia Broadcasting System, Paramount Global, Inc., and Justin Draper seeking redress for unlawful discrimination on the basis of race (Count II); (c) WBZ-TV, Columbia Broadcasting System, Inc., Paramount Global, Inc., and Michael Roderick seeking redress for failure adequately to investigate Plaintiff's claims of discrimination (Count III); (d) Justin Draper, WBZ-TV, Columbia Broadcasting System, Inc., Paramount Global, Inc., seeking redress for defamation (Count IV); (e) Draper, Jason Mikell, and Michael Roderick seeking redress for tortious interference (Count V)[1]; and (f) WBZ-TV, Columbia Broadcasting System, Inc., Paramount Global, Inc. for failure timely to pay wages (Count VI). With regard to Count VI (failure timely to pay wages due and owing): as set forth in Defendants' Memo (at footnote 2), on Friday, November 21, 2025, the full treble damages amount plus interest was paid to Merrill via undersigned counsel. Count VI may be dismissed.

Defendants have moved to Dismiss Counts I, IV, and V of Ms. Merrill's Complaint. Ms. Merrill hereby opposes the Defendants' Motion. For the reasons set forth below, Defendants' motion as to Counts I, IV and V should be denied.

## STATEMENT OF FACTS RELEVANT TO MS. MERRILL'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Ms. Merrill has alleged the following relevant facts, which must be accepted as true:

---

[1] Ms. Merrill's Complaint also named Courtney Cole as a defendant and sought relief against her for tortious interference. Ms. Merrill voluntarily dismissed Ms. Cole from this matter with prejudice on October 16, 2025 (Doc. 6).

WBZ-TV is a subsidiary of CBS, which exercises control over it. WBZ and CBS are subsidiaries of Paramount, which exercises control over both of them. (Complaint ¶ 5.)

In 2004, Merrill joined WBZ-TV as a Reporter. In 2017, WBZ-TV named Ms. Merrill co-anchor for WBZ This Morning and WBZ News at Noon. (Complaint ¶¶ 15, 16.)

In 2020, CBS instituted racial quotas. It set a goal to ensure that by the 2022-2023 broadcast season, half of all writers would be nonwhite; adopted an initiative requiring 50% of the cast members on their reality shows to be Black, Indigenous, or People of Color; and set a goal that all writers' rooms on the network's primetime series be staffed 40 percent BIPOC in the 2021-22 season. CBS prioritized diversity, equity, and inclusion initiatives. In short, WBZ / CBS / Paramount adopted and began to implement policies of unlawful reverse discrimination. (Complaint ¶¶ 20-23.)

This unlawful corporate diversity directive also played out in Boston. The former head of East Coast stations for CBS, including WBZ, began stating to managers and others at WBZ that the Morning Show was not diverse, "too white," "the least diverse station for on air talent" and the "whitest of all their stations." She informed managers that she would allow only minority hires. A number of managers complained that she had handcuffed (i.e., prevented) hiring when they had no minority candidates and a qualified White candidate, whom they were not permitted to hire. (Complaint ¶ 24.) In 2022 and 2023, WBZ-TV terminated a number of White reporters, anchors and operations personnel and hired less experienced persons of color to replace them. In 2023, WBZ-TV hired Defendant Jason Mikell. (Complaint ¶¶ 24, 29-31, 34-36.)

On April 3, 2024, during a commercial break, Ms. Merrill privately (via text message) corrected Defendant Mikell's on-air pronunciation of a local town name (Concord) during his weather segment, as he had requested. Defendant Mikell immediately confronted Ms. Merrill,

loudly yelling at her on the studio floor and asserting that she was being critical of him. His tone was aggressive and unprofessional. Ms. Merrill immediately lodged a complaint with WBZ's Human Resources department. (Complaint ¶¶ 45, 46.) WBZ, CBS and Paramount took no action to investigate Ms. Merrill's complaint about Mr. Mikell's aggressive confrontation and threatening treatment of her, nor did they investigate other, earlier complaints lodged by Ms. Merrill's colleagues about Defendant Mikell's sexually charged comment on air about Ms. Merrill. (Complaint ¶¶ 48, 50.)

On April 10, 2024, Michael Roderick, Vice President, Employee Relations at Paramount, informed Ms. Merrill that an investigation was being conducted into allegations that she treated coworkers differently because of their race.[2] (Complaint ¶¶ 9, 48.) From Defendant Roderick's questions, it was apparent he had interviewed a number of Ms. Merrill's colleagues.[3] (Complaint ¶¶ 51, 52, 54.) Although Ms. Merrill gave to Defendant Roderick the names of several percipient and other witnesses to interview, he did not do so, as a result of which his investigation failed to ascertain relevant information and drew flawed conclusions. (Complaint ¶¶ 59, 60, 62, 63.) His investigation was not adequate, thorough, or impartial. He also misrepresented, mischaracterized and/or twisted comments Ms. Merrill made to him in their interview. (Complaint ¶¶ 67-70.) By

---

[2] Although not pleaded in the Complaint, in his interview of Ms. Merrill, Roderick did not, in violation of Ms. Merrill's union rights, permit her to have a union representative present at his interview of her, nor did he, in the alternative, permit her to record the interview so she had a record of same. See Affidavit of Katherine Merrill Dunham, at ¶ 1, submitted herewith.

[3] In addition to the three persons she identified in her Complaint, Justin Draper (Complaint ¶ 66), Jason Mikell (Complaint ¶ 51), and Courtney Cole (Complaint ¶ 54), Ms. Merrill is personally aware that Defendant Michael Roderick also interviewed Trisha Wilson, Eric Pearson, Chris Tanaka, Brian Foley and, upon information and belief, others. See Affidavit of Katherine Merrill Dunham, at ¶ 2.

his conduct, Defendant Roderick acted to advance CBS's unlawful corporate agenda and acted with malice and ill will. (Complaint ¶¶ 70, 80.)

On Friday, May 17, 2024, Defendant Draper (General Manager of WBZ-TV) issued to Ms. Merrill a Written Warning based on Defendant Roderick's investigation; Defendant Draper also demoted her. (Complaint ¶¶ 65, 66.) Ms. Merrill is reliably informed and believes that the findings of Defendant Roderick's investigation played a role in the decision to remove her from the Morning Show. (Complaint ¶ 73.) On Monday, May 20, 2024 (the following business day), Defendant Draper, in two separate staff meetings, publicly announced to all WBZ personnel – many of whom were aware of the investigation into Ms. Merrill, as Defendant Roderick had spoken with them and/or because rumors about his investigation had been circulating (not at her hand) – that Ms. Merrill had been demoted. (Complaint ¶ 75.) Demoting Ms. Merrill in the context of the investigation falsely attributed to her racial animus and sent the false message to her professional colleagues that she had engaged in serious wrongdoing. (Complaint ¶ 76.) To the best of Ms. Merrill's memory, Defendant Draper had not similarly broadly announced the demotions of any male anchors at WBZ. (Complaint ¶ 78.) As a number of Ms. Merrill's professional colleagues and senior leaders at SAG-AFTRA (her union) informed her, by demoting her, Defendant Draper and Defendants WBZ/CBS/Paramount treated her significantly more harshly than Defendant Draper and WBZ/CBS/Paramount had treated men at WBZ who had been accused of or been found to have engaged in wrongdoing. (Complaint ¶ 79.) By his actions and disparate treatment of Ms. Merrill, Defendant Draper acted to advance CBS's unlawful corporate agenda and acted with malice and ill will. (Complaint ¶¶ 76-80.)

## LEGAL STANDARD

The standard for granting a motion to dismiss is an exacting one: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Rule v. Fort Dodge Animal, Inc.*, 604 F. Supp. 2d 288, 292 (D. Mass. 2009) (quoting *McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 419 F.3d 47, 50 (1st Cir. 2005) and *Conley v. Gibson*, 355 U.S. 41, 46 (1957)). While a complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Court must accept all factual allegations as true and "draw all reasonable inferences in the plaintiff's favor." *Privitera v. Curran (In re Curran)*, 855 F.3d 19, 23 (1st Cir. 2017). Moreover, for purposes of surviving a motion to dismiss, "a party may allege facts based on information and belief . . . and we assume the truth of such allegations." *Polay v. McMahon*, 468 Mass. 379, 383, n. 5 (2014) (internal citations omitted).) In short, the Court may dismiss a complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Santa-Rosa v. Combo Records*, 471 F.3d 224, 226 (1st Cir. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Massachusetts law is in accord. *See Eyal v. Helen Broadcasting Corp.*, 411 Mass. 426, 429 (1991), and cases cited.

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007); *see also Moore v. La-Z-Boy, Inc.*, C. A. No. 07-CV-10708-RGS, 2008 WL 2247146, at *3 (D. Mass. May 30, 2008) (denying motion to dismiss in light of the "forgiving standard of Rule 12(b)(6)" and notwithstanding that defendant raised "serious doubts as to the ultimate

sustainability of plaintiffs' claims"). Only when the complaint fails to meet the liberal pleading

standard of Federal Rule 8(a) is it subject to dismissal for failure to state a claim. *Wright & Miller,*

*Federal Practice and Procedure* § 1356 (citing cases). Here, too, Massachusetts law is in accord.

*See Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 636 (2008) (adopting the standard set out in

*Bell Atlantic Corp. v. Twombly*).

## ARGUMENT

I.    **Defendants' Motion to Dismiss Count I (Gender / Sex Discrimination Under Title VII and M.G.L. Chapter 151B) Must be Denied as Ms. Merrill Has Sufficiently Pleaded That She Was Treated Differently Because of Her Gender / Sex**

To make out a *prima facie* case for disparate treatment under either Title VII or Chapter

151B, a plaintiff must show: "(1) she is a member of a protected class; (2) she was qualified for

her position; (3) her employer took an adverse employment action against her; and (4) some

evidence of a causal link between her protected status and the adverse employment action." *Evans*

*v. Staples, Inc.*, 375 F. Supp. 3d 117, 123 (D. Mass. 2019) (citing *Bhatti v. Trs. of Bos. Univ.*, 659

F.3d 64, 70 (1st Cir. 2011)). Defendants challenge only the fourth element, arguing that Ms. Merrill

did not plausibly allege discrimination because of her gender. Their argument is unavailing.

In her Complaint, Ms. Merrill alleged and pleaded *facts* that support that she, a woman,

was subjected to disparate treatment in discipline compared to her male peers (all "on air talent,"

all working in the same location, and all under the same General Manager (Defendant Draper)). In

contrast to Defendants' treatment of her:

- Defendant Draper did not broadly announce the demotions of any male anchors at WBZ-TV as he did about Ms. Merrill's demotion;

- Defendant Draper / WBZ-TV / CBS / Paramount did not discipline Defendant Mikell (who is a male) for making an inappropriate sexually-charged comment about Ms. Merrill on air, notwithstanding Ms. Merrill's (and others') complaints about same;

- Defendant Draper / WBZ-TV / CBS / Paramount did not discipline Defendant Mikell for publicly and aggressively confronting Ms. Merrill on the studio floor, while disciplining Ms. Merrill;

- Defendant Draper / Roderick / WBZ-TV / CBS / Paramount did not conduct a thorough investigation into Ms. Merrill's complaints about Mr. Mikell's sexually-charged comment and his aggressively confronting Ms. Merrill on the studio floor;

- Defendant Draper / WBZ-TV / CBS / Paramount did not discipline Chris Tanaka (who is male and was a co-anchor with Ms. Merrill) for the remark he made on air, making a "Dirty Job" reference that was laden with racist undertones in on-air banter about Defendant Mikell's "Do Your Job" segment, while disciplining Ms. Merrill for same; and

- Defendant Draper / WBZ-TV / CBS / Paramount did not discipline a male Reporter for physically throwing Carlos Patricio against a wall at WBZ-TV – *i.e.*, for a physical assault.

(Complaint ¶¶ 40, 50, 78, 79.) These allegations are not, as Defendants erroneously suggest, mere "labels and conclusions" (*Bell Atl. Corp. v. Twombly*); nor are they "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" (*Ashcroft v. Iqbal*.) They are allegations of fact describing instances of disparate treatment on the basis of gender.

Defendants' assertion that these allegations do not plausibly allege gender discrimination is also incorrect. "An employer's disparate treatment of employees in response to behavior that legitimately offends the employer can provide evidence of discriminatory animus." *Cocuzzo v. Trader Joe's East Inc. et al.*, No. 22-10162-LTS, 2023 U.S. Dist. LEXIS 155289 (D. Mass. July 28, 2023), quoting *Velez v. Thermo King de P.R., Inc.,* 585 F.3d 441, 447 (1st Cir. 2009)); *see also Smith*, 376 Mass. at 227 (in disparate treatment case, proof of discriminatory motive may, in some circumstances, may be "inferred from the mere fact of differences in treatment."); *Yesterday's Children v. NLRB*, 115 F.3d 36, 48-49 (1st Cir. 1997) (finding that that at least three coworkers of the plaintiff were not disciplined by the employer for their conduct, while the plaintiff was first reprimanded, then terminated for similar conduct); *Trustees of Health & Hosps. of Boston v. Massachusetts Commn. Against Discrimination*, 449 Mass. 675, 682 (2007) (disparate treatment

claim where one white man was treated more favorably than five black women); *Downey v. Johnson*, 104 Mass. App. Ct. 361, 377 (2024) (vacating summary judgment on plaintiff's G.L. 151B and Title VII claims of disparate treatment because "a reasonable jury could conclude that the State police did not conduct an investigation of all of Johnson's [a male] alleged misconduct, but did of Downey's [a female].").[4] Here, Ms. Merrill's Complaint alleges Defendants treated her disparately (more harshly) in its investigation into her alleged misconduct and in discipline compared to her male colleagues. These are allegations of gender discrimination.

Finally, that the comparators Ms. Merrill identifies are not only male but also persons of color, and that Ms. Merrill also alleges Defendants engaged in race discrimination (Defendants' significant public record of which she cites), does not magically negate that Defendants' treatment of her may (also and/or alternatively) have been based on her gender / sex, as she has alleged. It is

---

[4] The cases Defendants cite provide no support. In *Tzoc Santay v. Ice House LLC,* Civil Action No. 24-cv-11583-ADB, 2024 U.S. Dist. LEXIS 207813 (D. Mass. Nov. 15, 2024), the court granted defendant's motion to dismiss plaintiff's discrimination claim where plaintiff provided *no* factual basis to support conclusory allegations of disparate treatment: "Plaintiff has not pled any facts from which the Court could plausibly infer causation." In *Lin v. CGIT Sys.*, No. 20-11051-MBB, 2021 U.S. Dist. LEXIS 179695, at *22-23 (D. Mass. Sep. 21, 2021), the court granted defendant's motion to dismiss plaintiff's discrimination claim where "[t]he complaint contains just two references to plaintiff's race: the first simply states that plaintiff is Chinese-American […], while the second alleges that '[d]efendant discriminated against [p]laintiff because of his race/national origin.' [….] The latter is a legal conclusion and thus not entitled to consideration." (Internal citations omitted.) In *Brodbeck v. Mass. Dep't of Corr.*, No. 18-cv-10855-DJC, 2021 U.S. Dist. LEXIS 138009 (D. Mass. July 23, 2021), the court granted defendant's motion for summary judgment after the parties engaged in discovery and plaintiff failed to adduce evidence to support her claim. It is therefore inapposite. In *Bottomley v. Bos. Pub. Schs*, Civil Action No. 1:17-cv-12107-LTS, 2018 U.S. Dist. LEXIS 213610, at *10 (D. Mass. Dec. 19, 2018), the Court granted defendant's motion to dismiss where plaintiff's complaint "does not claim […] that [the alleged discriminator's] treatment of or actions toward teachers who did not share [plaintiff's] age, sex or fact differed meaningfully." In vivid contrast, Ms. Merrill's Complaint alleges significant disparities in treatment between her and her male peers. *Mekonnen v. ABM Parking Servs.*, Civil Action No. 14-12389-IT, 2014 U.S. Dist. LEXIS 144373 (D. Mass. Oct. 10, 2014), is distinguishable for the same reasons.

axiomatic that a party may plead in the alternative. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively or hypothetically . . ."); Mass. R. Civ. P. 18(a) ("A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, or both, as he has against an opposing party.").[5]

In short, notwithstanding Defendants' arguments to the contrary, Ms. Merrill has sufficiently pleaded that she was treated differently by Defendants because of her gender / sex. Defendants' Motion to Dismiss Count I of Ms. Merrill's Complaint must be denied.

## II.    Defendants' Motion to Dismiss Count IV (Defamation) Must Also be Denied as Defendants' Actions and Communications, Taken Together, Establish a Prima Facie Case of Defamation, and Ms. Merrill Has Sufficiently Pleaded Malice So As to Defeat the Common Interest Privilege at the Motion to Dismiss Stage

Federal courts have consistently recognized that conduct may constitute a statement for purposes of a defamation claim under Massachusetts law. *See, e.g.*, *Jorgensen v. Massachusetts Port Auth.*, 905 F.2d 515, 520 (1st Cir. 1990) ("a communication [is] defined as conduct that brings an idea to the perception of others"); *Williams v. Mass. College of Pharm. & Allied Health Scis.*, 2013 U.S. Dist. LEXIS 46886, at *18 (D. Mass. 2013), and cases cited (recognizing defamation by deed under Massachusetts law); *Krolikowski v. Univ. of Mass. Mem'l Med. Ctr.*, Civil Action No. 00-11947-PBS, 2002 U.S. Dist. LEXIS 8984, at *2-3 (D. Mass. May 16, 2002) (denying

---

[5] This is true even if such claims are inconsistent, which Ms. Merrill's are not. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims . . . as it has, regardless of consistency."); Mass. R. Civ. P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. […] A party may also state as many separate claims or defenses as he has regardless of consistency ….).

defendant's motion for summary judgment on defamation claim where defendant declined to permit radiologist to resume radiologic interpretation after external clearance).[6] Here, the conduct at issue is the demotion and the announcement of same immediately thereafter, in the context of an investigation into allegations that Ms. Merrill is racist and engaged in racist acts.

Defendants' reliance on *Goldhor v. Hampshire College*, 25 Mass. App. Ct. 716, 724 (1988), for the proposition that the announcement of a demotion is not defamatory regardless of any inferences that may be drawn from the announcement, misses the mark. As the Massachusetts' Appeals Court observed four years after it decided *Goldhor*, the *Goldhor* decision is "an opinion which makes the point that an announcement of termination of employment does not *in and of itself* have defamatory connotations." *Disend v. Meadowbrook Sch.*, 33 Mass. App. Ct. 674, 677 (1992) (emphasis supplied). As the *Disend* court clarified: "Words not inherently disparaging may […] have that effect if viewed contextually, *i.e.*, in the light of attendant circumstances." *Disend*, 33 Mass. App. Ct. at 55; *see also Freadman v. Mass. Port Auth.*, No. 2084CV02211, 2022 Mass. Super. LEXIS 20, at *45 (Jan. 6, 2022) (citing *Phelan v. May Dep't Stores Co.*, 443 Mass. 52 (2004), and denying motion to dismiss defamation claim where a change in plaintiff's job title after investigation implied the investigation had revealed she had engaged in wrongdoing).[7]

---

[6] *See also Jimenez Nieves v. United States*, 682 F.2d 1, 6 (1st Cir. 1982) (an activity can count as "communication" if that activity communicates an idea to a third party); *Simas v. First Citizens' Fed. Credit Union*, 63 F. Supp.2d 110, 116 (D. Mass. 1999) (holding that "an individual's actions, separate from any written or spoken statements, may be sufficient grounds for a jury to find a cause of action [for defamation]"); *Petsch-Schmid v. Boston Edison Co.*, 914 F. Supp. 697, 706 (D. Mass. 1996) (holding that where a supervisor raised his voice to an employee while escorting her out of the building following a suspension, "it is possible that the escort may have been conducted in such a manner as to communicate a defamatory statement to other employees about the plaintiff").

[7] *See also Lucien v. Conlee*, 26 Mass. L. Rep. 81 (2009), 2009 Mass. Super. LEXIS 222 at *16 (denying defendant's motion for summary judgment on plaintiff's defamation claim where, although neither of two back-to-back audio public address announcements was false, considered

Here, immediately after an investigation known to people at WBZ-TV to be into allegations that Ms. Merrill was racist, Defendants WBZ-TV, CBS, and Paramount (through their agent Defendant Draper) demoted Ms. Merrill. (Complaint ¶ 72.) The following business day, in two separate staff meetings, Defendant Draper announced Ms. Merrill's demotion to WBZ-TV personnel. (Complaint ¶ 75.) Taken together, the investigation, demotion and announcement of demotion immediately thereafter attributed racist animus to Ms. Merrill. This is actionable. *See, e.g., Schrottman v. Barnicle*, 437 (1982) (false attribution of a racist statement is actionable); *Jorjani v. N.J. Inst. of Tech.*, No. 18-cv-11693, 2019 U.S. Dist. LEXIS 39026, at *10-11 (D.N.J. Mar. 11, 2019) (false attribution of racist acts (e.g., racist statements) may be defamatory).

It is not dispositive, as Defendants erroneously argue, that the statement that Ms. Merrill had been demoted was true. The decisions Defendants cite for the contrary position – *McKee v. Cosby*, 236 F. Supp. 3d 427, 443 (D. Mass. 2017), and *McKee v. Cosby*, 874 F.3d 54 (1st Cir. 2017) – are inapposite: both apply Michigan law. Massachusetts law is clear that even a true statement of fact may support a claim of defamation if the plaintiff proves that the defendant acted with actual malice. *Noonan v. Staples, Inc.*, 556 F.3d 20, 29-30 (1st Cir. 2009) (reversing summary judgment as to defamation claim; finding sufficient evidence of malice where supervisor identified terminated employee by name in mass email communication).

So, too, may the conditional privilege be lost if defamatory information was published with actual malice. *Catrone v. Thoroughbred Racing Associations of North America*, 929 F.2d 881, 889 (1st Cir. 1991) (conditional privilege is forfeit if abused in furtherance of an illegitimate interest);

---

together, a listener could draw an inference that the subject of the second announcement was a rule breaker and a thief).

*Lawless v. Estrella*, 99 Mass. App. Ct. 16, 24 (2020) (conditional privilege is lost if the defendant acted with actual malice).

Ms. Merrill's Complaint alleges actual malice. She alleged that WBZ-TV / CBS / Paramount had a corporate agenda and implemented quotas to advance an unlawful corporate purpose: reverse discrimination. (Complaint ¶¶ 20, 21, 23, 31, 34-36.) Rigid racial quotas in employment constitute impermissible discrimination. *Students for Fair Admissions v. Harvard*, 600 U.S. 181,  184, 230-231 (2023)   (striking down race-based admissions policies and recognizing the commitment to racial equality extends to "other areas of life," such as employment and contracting; "Eliminating racial discrimination means eliminating *all* of it." *Id.* at 184 (emphasis added). Unlawful discriminatory animus may constitute malice. *Weber v. Cmty. Teamwork, Inc.*, 434 Mass. 761, 782 (2001) (unlawful discrimination may support an inference of actual malice); *Abramian v. President of Harvard Coll.*, 432 Mass. 107, 122 (2000); *LeGoff v. Trs. of Bos. Univ.*, 23 F. Supp. 2d 120, 130 (D. Mass. 1998) ("'Malice,' however, has traditionally been defined as acting with the unlawful purpose of harming the plaintiff, 'without right or justifiable cause,' . . . a definition that Massachusetts courts have expanded to include intentional discrimination.") (internal citations omitted).

In addition, disparate treatment based on a protected class may also constitute malice. *See Weber*, 434 Mass. at 782; *Abramian,* 432 Mass. at 122; *LeGoff*, 23 F. Supp. 2d at 130. Here, Ms. Merrill has also alleged that Defendants did not similarly demote male anchors accused of misconduct nor broadly announce to the entire workplace the demotions of any male anchors at WBZ-TV. (Complaint ¶¶ 78, 79.)

Defendants cite *Sabatini v. Knouse*, 105 Mass. App. Ct. 174, 183 (2025), in support of their argument that even though they announced Ms. Merrill's demotion to the entire workplace, their

communication nevertheless was conditionally privileged and therefore Ms. Merrill's claim for defamation fails. *Sabatini* is distinguishable. As set out in the Memorandum of Decision and Order on Parties' Anti-SLAPP Special Motions and Motions to Dismiss issued by Judge Hélène Kazanjian (which is attached at **Exhibit A** for the Court's convenience), Sabatini's Complaint failed to allege facts sufficient to plausibly suggest that defendants Whitehead and its director acted with malice, abused, or lost the conditional privilege. Specifically, Judge Kazanjian's decision stated:

> Sabatini's allegation that the Investigation [conducted by the law firm Hinckley, Allen & Snyder] was not truly independent is entirely speculative where Whitehead hired an outside law firm to perform the employment investigation, and the Complaint contains no factual allegations evidencing that [the Director of Whitehead] directed [the law firm] to reach the conclusion that it did.

Memorandum of Decision and Order on Parties' Anti-SLAPP Special Motions and Motions to Dismiss, at pp. 18-19.

In vivid contrast, Ms. Merrill has alleged that Defendants WBZ-TV / CBS / Paramount tasked their own internal investigator, Defendant Roderick, Vice President of Employee Relations, Paramount, to conduct the investigation. (Complaint ¶¶ 9, 49, 57, 59-64.) And she alleged that Defendant Roderick failed to interview percipient witnesses and other witnesses she identified, failed to corroborate a timeline that would have establish she complained about Defendant Mikell before he complained (falsely) about her (an erroneous conclusion from which Defendant Roderick opined that Ms. Merrill complained about Defendant Mikell with the intent unfairly to portray him in an unflattering and disparaging way), and twisted and misrepresented the statements she made to him in his interview of her, such that his "investigation" was not adequate, thorough, or impartial (Complaint ¶¶ 61, 64, 67-70) in order to advance WBZ-TV / CBS / Paramount's unlawful corporate agenda.

In short, the allegations of malice in Ms. Merrill's Complaint are sufficient at the motion to dismiss stage, to defeat the assertion that her defamation claim fails due to conditional privilege. *See Disend*, 33 Mass. App. Ct. at 677 ("More facts need to be developed, on a motion for summary judgment or at trial, before a court may know whether Defendants lawfully exercised a conditional privilege."); *see also McCone v. New England Tel. & Tel. Co.*, 393 Mass. 231, 235 (1984) (a defendant who raises conditional privilege as a defense has the burden to establish it). [8] Defendants' Motion to Dismiss Count IV (Defamation) must be denied.

### III. Defendants' Motion to Dismiss Count V (Tortious Interference with Advantageous Relations Against Mikell, Draper and Roderick) Must be Denied as Ms. Merrill Has Sufficiently Pleaded Malice and her Claims are Not Barred by Privilege and Presumption

To establish a prima facie case of tortious interference with advantageous relations, Ms. Merrill must allege she had an advantageous relationship with a third party, the defendant knowingly induced a breaking of this relationship through intentional and improper interference, and that she suffered harm. *Brothers v. Town of Millbury*, No. 14-10122-TSH, 2014 U.S. Dist. LEXIS 112968, at *22-23 (D. Mass. Aug. 14, 2014) (citing *Blackstone v. Cashman*, 448 Mass. 255, 260 (2007).) Defendants contest only intentional and improper interference.

#### A. Ms. Merrill's Tortious Interference Claim Against Defendant Roderick Should Not Be Dismissed

---

[8] *McCone*, which Defendants cite in support of the proposition that even at the motion to dismiss stage, a Court may recognize conditional privilege, is also distinguishable. In *McCone*, the alleged defamatory statements were about performance deficiencies (*i.e.*, did not impute racism, as here) and were contained in a performance review given to the department head (*i.e.*, were not published to the entire workplace, as here). *McCone*, 393 Mass. at 235. The conditional privilege only exists when publisher and recipient have a common interest and the communication is reasonably calculated to protect or further it. Here, Defendants announced Ms. Merrill's demotion publicly to the entire workplace, not having done so when demoting male anchors. In other words, *McCone* offers Defendants no support.

In addition to her allegations regarding the unlawful corporate agenda of Defendants WBZ-TV / CBS / Paramount, Ms. Merrill also alleged that Defendant Roderick failed to interview percipient witnesses and witnesses she identified as having relevant evidence, failed to corroborate a timeline that would have establish she complained about Defendant Mikell before he complained (falsely) about her (an erroneous conclusion from which Defendant Roderick opined that Ms. Merrill complained about Defendant Mikell with the intent unfairly to portray him in an unflattering and disparaging way), and twisted and misrepresented her statements to him, such that his "investigation" was not adequate, thorough, or impartial (Complaint ¶¶ 61, 64, 67-70) in order to advance WBZ-TV / CBS / Paramount's agenda. *See Mailhiot v. Liberty Bank & Trust Co.*, 24 Mass. App. Ct. 525, 527 (1987) (finding fabrications regarding the reason for employee's discharge evidenced malice and could support charge of tortious interference with an employment relationship); *Pine Polly, Inc. v. Integrated Packaging Films IPF, Inc.*, No. 13-11302-NMG, 2014 U.S. Dist. LEXIS 36757, at *15 (D. Mass. Feb. 27, 2014) (misrepresentations of facts is sufficient to find the interference improper); *Bhammer v. Loomis, Sayles & Co.*, Civil Action No. 15-14213-FDS, 2016 U.S. Dist. LEXIS 91669, at *20 (D. Mass. July 14, 2016) ("It is well-established that a misrepresentation is an improper means of interference.").

In support of their motion to dismiss Defendant Roderick, Defendants cite *Dick v. Woods Hole Oceanographic Inst.*, No. 21-cv-10007-DJC, 2021 U.S. Dist. LEXIS 138814 (D. Mass. July 26, 2021). *Woods Hole* is distinguishable. There, the court dismissed plaintiff's claim on the grounds that plaintiff failed to allege plausibly that there was an actionable improper motive unrelated to a legitimate corporate purpose. *Id.* at *8. As set out in Section II, *supra*, Ms. Merrill's Complaint alleges, in detail, an unlawful improper motive unrelated to a legitimate corporate interest (race-based quotas and reverse discrimination are unlawful), which Defendant Roderick

acted to advance. This sufficiently supports Ms. Merrill's tortious interference claim against him. *See Brothers v. Town of Millbury*, No. 14-10122-TSH, 2014 U.S. Dist. LEXIS 112968, at *23 (D. Mass. Aug. 14, 2014) (observing that if an official acts with actual malice, that is with a "spiteful, malignant purpose, which is unrelated to a legitimate corporate interest," then that could sufficiently support a tortious interference claim).

Defendants cite to *O'Donnell v. Boggs*, 611 F.3d 50, 54 (1st Cir. 2010) for the proposition that consideration of Merrill's tortious interference claims against Roderick and Draper requires interpretation of the CBA and thus are (arguably) preempted by Section 301 of the LMRA. Even assuming, *arguendo*, that such claim is true as a general matter, *O'Donnell* is distinguishable, as (to quote Defendants):

> In *O'Donnell*, the Court analyzed whether preemption was required where the plaintiff argued her supervisor and Board members were so hostile and disruptive she could not perform her duties or return to work. *See id.* at 55. In analyzing the preemption question, the Court recognized that the crux of the dispute was whether defendants' actions were justified by their responsibilities authorized under the contract and that the CBA in turn had a "standard, broad management rights clause" that allowed management to take "action which the [company] deems desirable to the conduct of its business." *See id.* at 56.

Defs' Memo, p. 17.

In other words, *O'Donnell* dealt with a tortious interference claim that was based on personal hostility, not racial animus, *see id.,* and the CBA arguably required interpretation as the conduct could have been lawfully authorized under the "management rights clause." *See id.* Here however, no management rights clause could lawfully authorize behavior that was motivated by unlawful racial animus (or another protected class, *e.g.*, gender), and therefore no interpretation of the CBA is required. *See Weber*, 434 Mass. at 782. Thus, this becomes a factual question: did Defendants Roderick and Draper interfere with Ms. Merrill's employment because of his desire to advance a race-based agenda. This question does not trigger preemption. *See Hawaiian*

*Airlines* v. *Norris*, 512 U.S. 246, 261 (1994) (preemption not triggered by "purely factual questions

. . . [that] do not require a court to interpret any term of a collective bargaining agreement")

(internal quotation marks omitted).[9]

> **B.    Ms. Merrill's Tortious Interference Claim Against Defendant Draper Should Not Be Dismissed**

As set forth in Section II, *supra*, Ms. Merrill has alleged Defendants WBZ-TV / CBS /

Paramount had a corporate agenda, and implemented quotas, to advance the corporate purpose of

reverse discrimination. (Complaint ¶¶ 20, 21, 23, 31, 34-36.) This is unlawful. *Students for Fair

Admissions.* Ms. Merrill has alleged that Defendant Draper imposed disparate discipline and

demoted her to advance that illegitimate, discriminatory corporate interest. (Complaint ¶ 117.) As

unlawful discrimination may support an inference of actual malice sufficient to support a claim of

tortious interference, Defendant Draper should not be dismissed. *See Abramian,* 432 Mass. at 116;

*LeGoff*, 23 F. Supp. 2d at 130.

> **C.    Ms. Merrill's Tortious Interference Claim Against Defendant Mikell Should Not Be Dismissed**

Defendants contest that the Complaint pleaded that Defendant Mikell acted with actual

malice. That is incorrect. Ms. Merrill's Complaint alleges Defendant Mikell's allegations against

her were false and/or and misleading. (Complaint ¶¶ 45-47, 51, 52.) Lodging false complaints is

entirely unrelated to a legitimate corporate interest and supports a claim of tortious interference.

*McNamee v. Jenkins*, 52 Mass. App. Ct. 503, 504 (2001) (reversing summary judgment statement

on tortious interference claim where defendant falsely accused plaintiff of making a racial slur and

of filing a false police report); *cf. Smith v. Egan*, No. 24-cv-11794-DLC, 2025 LX 488854, at *12-

---

[9] Such allegations must be taken as true at the Motion to Dismiss stage. *Privitera v. Curran (In re Curran)*, 855 F.3d 19, 23 (1st Cir. 2017).

13 (D. Mass. Sep. 29, 2025) (for purposes of a common law malicious prosecution claim, malice is defined as "any wrong or unjustifiable motive" and may be inferred from lack of probable cause).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts I, IV, and V of Ms. Merrill's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied. To the extent the Court determines deficiencies in her Complaint warrant the grant of Defendants' Motion to Dismiss Count IV (Defamation), Ms. Merrill respectfully requests that it do so without prejudice, so she may amend her Complaint to identify the several additional witnesses whom Defendant Roderick interviewed and/or with whom he spoke regarding Defendant Mikell's claim that Ms. Merrill was racist (to support that, in the totality of the circumstances, Defendants' announcement of Ms. Merrill's demotion was defamatory). Similarly, to the extent that the Court determines deficiencies in the Complaint warrant the grant of Defendant Roderick's Motion to Dismiss Count V (tortious interference), Ms. Merrill respectfully requests that it do so without prejudice, so she may amend her Complaint to allege additional evidence of Defendant Roderick's malice in refusing to permit her to have union representation in his interview of her, notwithstanding her union rights, and refusing, in the alternative, to permit her to record the interview. In addition, to the extent that the Court determines deficiencies in the Complaint warrant the grant of Defendant Mikell's Motion to Dismiss Count V (tortious interference), Ms. Merrill respectfully requests that it do so without prejudice, so she may amend her Complaint to allege additional evidence of Defendant Mikell's malice and motive in support of her claim of tortious interference against him.

Respectfully submitted,

KATHERINE MERRILL DUNHAM,

By her attorneys,
WASHIENKO LAW GROUP LLC

*/s/ Patricia A. Washienko*
Patricia A. Washienko, BBO# 641615
pwashienko@washienkolaw.com
Allison L. Williard, BBO # 692652
awilliard@washienkolaw.com
WASHIENKO LAW GROUP LLC
211 Congress Street, Suite 720
Boston, MA  02110
p:  617.723.0008  f:  617.723.0009

Dated:  January 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's ECF filing system, this 16th day of January 2026.

 */s/ Patricia A. Washienko*
Patricia A. Washienko