**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHERINE MERRILL DUNHAM, | Civil Action No. 1:25-cv-12195-(JMJ) |
| Plaintiff, | |
| v. | |
| WBZ-TV, COLUMBIA BROADCASTING SYSTEM, INC., PARAMOUNT GLOBAL, INC., JASON MIKELL, COURTNEY COLE, JUSTIN DRAPER, and MICHAEL RODERICK, | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS COUNTS I, IV, V and VI**

**TABLE OF CONTENTS**

**Page**

I.      Merrill Fails to Plead a Plausible Claim of Sex Discrimination. ........................................ 1

II.    Merrill Fails to Plead Actionable Defamatory Statement or Facts Overcoming Conditional Privilege. .......................................................................................................... 2

III.   Merrill Fails to State Viable Tortious Interference Claims. ............................................. 4

       A.     The Sole Claim Against Mikell Should Be Dismissed. ......................................... 4

       B.     Merrill Does Not Allege Draper or Roderick Acted Out of Personal Animus. ....... 4

Conclusion ............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abramian v. President of Harvard Coll.*,
432 Mass. 107 (2000) ....................................................................................................4

*Ayyadurai v. Floor64, Inc.*,
270 F. Supp. 3d 343 (D. Mass. 2017) ...........................................................................3

*Bhammer v. Loomis, Sayles & Co., Inc.*,
No. CV 15-14213-FDS, 2016 WL 3892371 (D. Mass. July 14, 2016) ........................5

*Bratt v. Int'l Bus. Mach.*,
392 Mass. 508 (1984) ....................................................................................................3

*Brothers v. Town of Millbury*,
No. 14-10122-TSH, 2014 WL 4102436 (D. Mass. Aug. 14, 2014) ............................5

*Cocuzzo v. Trader Joe's E. Inc.*,
121 F.4th 924 (1st Cir. 2024)........................................................................................1

*Dick v. Woods Hole Oceanographic Inst.*,
No. 21-cv-10007-DJC, 2021 WL 3146049 (D. Mass. July 26, 2021)..........................5

*Disend v. Meadowbrook*,
33 Mass. App. Ct. 674 (1992)........................................................................................2

*Doe v. Samford Univ.*,
29 F.4th 675 (11th Cir. 2022) .......................................................................................1

*Downey v. Johnson*,
104 Mass. App. Ct. 361 (2024).......................................................................................1

*Fine v. Guardian Life Ins. Co. of Am. & Park Ave. Sec.*,
450 F. Supp. 3d 20 (D. Mass. 2020) .............................................................................1

*Freadman v. Mass. Port. Auth.*,
No. 2084CV02211, 2022 WL 2180237 (Mass. Super. Jan. 6, 2022) ...........................2

*Frith v. Whole Foods Mkt., Inc.*,
38 F.4th 263 (1st Cir. 2022)...........................................................................................1

*Goldhor v. Hampshire Coll.*,
25 Mass. App. Ct. 716 (1988)........................................................................................2

*Gram v. Liberty Mut. Ins. Co.*,
  384 Mass. 659 (1981) .................................................................................................................5

*Jorjani v. N.J. Inst. of Tech.*,
  No. 18-cv-11693, 2019 U.S. Dist. LEXIS 39026 (D.N.J. Mar. 11, 2019) ...............................2

*LeGoff v. Trs. of Bos. Univ.*,
  23 F. Supp. 2d 120 (D. Mass. 1998) .........................................................................................3

*Lucien v. Conlee*,
  No. 081066, 2009 WL 3085376 (Mass. Super. Sept. 3, 2009)...............................................2, 3

*Mailhiot v. Liberty Bank & Tr. Co.*,
  24 Mass. App. Ct. 525 (1987).....................................................................................................5

*Martins v. Univ. of Mass. Med. Sch.*,
  75 Mass. App. Ct. 623 (2009).....................................................................................................2

*New York Times Co. v. Sullivan*,
  376 U.S. 254 (1964).....................................................................................................................3

*Noonan v. Staples, Inc.*,
  556 F.3d 20 (1st Cir. 2009).........................................................................................................3

*O'Donnell v. Boggs*,
  611 F.3d 50 (1st Cir. 2010).........................................................................................................5

*Phelan v. May Dep't Stores Co.*,
  443 Mass. 52 (2004) ...................................................................................................................2

*Pine Polly, Inc. v. Integrated Packaging Films IPF, Inc.*,
  No. CIV.A. 13-11302-NMG, 2014 WL 1203106 (D. Mass. Mar. 19, 2014) ...........................5

*Ricci v. Crowley*,
  333 Mass. 26 (1955) ...................................................................................................................3

*Saxena v. Univ. of Mass. Med. Sch.*,
  442 F. Supp. 3d 395 (D. Mass. 2020) ........................................................................................4

*Schrottman v. Barnicle*,
  386 Mass. 627 (1982) ..................................................................................................................2

*Smith College v. Massachusetts Commission Against Discrimination*,
  376 Mass. 221 (1978) ..................................................................................................................2

*Smith v. Egan*,
  No. 24-cv-11794-DLC, 2025 LX 488854, at *12- 13 (D. Mass. Sep. 29, 2025) .....................4

*Trs. of Health & Hosps. of Bos. v. Mass. Comm'n Against Discrimination*,
    449 Mass. 675 (2007) ...............................................................................................2

*Waleyko v. Phelan*,
    146 F.4th 89 (1st Cir. 2025).....................................................................................1

*Weber v. Cmty. Teamwork, Inc.*,
    434 Mass. 761 (2001) ...............................................................................................3

*Yesterday's Children v. Nat'l Lab. Relations Bd.*,
    115 F.3d 36 (1st Cir. 1997)......................................................................................2

**OTHER AUTHORITIES**

*MCAD Commissioners Meeting* (Jan. 23, 2024) (available at
    https://www.mass.gov/doc/mcad-commissioners-meeting-policy-question-03-
    a-statement-from-the-commissioners-of-the-massachusetts-commission-
    against-discrimination-on-workplace-diversity-equity-and-inclusion-
    programs-and-positions/download) .............................................................................4

*Multi-State Guidance Concerning DEI and Accessibility Employment Initiatives*
    (Feb. 2025) (available at https://www.mass.gov/doc/multi-state-guidance-
    concerning-diversity-equity-inclusion-and-accessibility-employment-
    initiatives/download)..................................................................................................4

### I.     Merrill Fails to Plead a Plausible Claim of Sex Discrimination.

While a plaintiff may plead alternative theories of liability, each theory must independently state a plausible claim. *See Fine v. Guardian Life Ins. Co. of Am. & Park Ave. Sec.*, 450 F. Supp. 3d 20, 35 (D. Mass. 2020) (alternative theory of liability "does not debar…an independent review of each set of claims."). When considered as a whole, Merrill's allegations as to sex discrimination raise no more than "a sheer possibility that a defendant has acted unlawfully." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 270 (1st Cir. 2022).

To survive a motion to dismiss, she must allege facts showing that the challenged actions were "plausibly affected by sex bias." *Waleyko v. Phelan*, 146 F.4th 89, 99 (1st Cir. 2025) (quoting *Doe v. Samford Univ.*, 29 F.4th 675, 692 (11th Cir. 2022)). The allegations Merrill identifies, Pl.'s Opp. 6–7, fail to plausibly allege that she was treated differently because of her sex because the Complaint consistently frames Defendants' conduct as reflecting alleged racial preference or race-based favoritism, not sex-based discrimination. Indeed, ***she alleges that women of color benefitted from the same purported racial favoritism over white men***—allegations she does not even address in her opposition and that directly refute any plausible claim of sex discrimination. Nor does Merrill identify a single white male comparator who was treated more favorably than she was. All male individuals she identifies are people of color—three Black men and one Asian man—further undermining the plausibility of any inference that sex, rather than race, motivated the challenged conduct. Here, even accepting Merrill's allegations regarding the investigation and her discipline as true, she does not plausibly allege how any purported irregularities were linked to sex bias, as opposed to the race-based dynamics she repeatedly emphasizes throughout the rest of the Complaint.[1]

---

[1] Plaintiff's cases do not alter this pleading analysis. *Downey v. Johnson*, 104 Mass. App. Ct. 361, 377 (2024) (summary judgment not motion to dismiss); *Cocuzzo v. Trader Joe's E. Inc.*, 121 F.4th 924, 934 (1st Cir. 2024)

## II.    Merrill Fails to Plead Actionable Defamatory Statement or Facts Overcoming Conditional Privilege.

While conduct may, in limited circumstances, constitute a defamatory statement, Merrill

has not pleaded conduct that qualifies. Courts have made clear that announcing a demotion itself

is not defamatory. *See e.g., Goldhor v. Hampshire Coll.*, 25 Mass. App. Ct. 716, 724 (1988).[2]

Merrill's reliance on *Disend v. Meadowbrook*, 33 Mass. App. Ct. 674 (1992) fails as it was

before *Iqbal* and *Twombly* and applied a loose pleading standard that is no longer the law.

Merrill recasts her claim as one of false attribution—arguing that the announcement's

timing implicitly conveyed she engaged in racist conduct.[3] Merrill's defamation theory rests

entirely on timing—namely, that her demotion followed an internal investigation. Every case

Merrill cites, however, involved additional statements or conduct communicating wrongdoing

beyond the mere announcement of the employment action itself.[4] The closest is *Lucien*, where a

loudspeaker announcement warning against theft was *immediately* followed by an announcement

summoning the plaintiff—conduct that, taken together, conveyed an accusation of the plaintiff's

---

(same and involved allegations comparators had engaged in same conduct as plaintiff); *Yesterday's Children v. Nat'l Lab. Relations Bd.*, 115 F.3d 36, 48–49 (1st Cir. 1997) (review of an NLRB decision not motion to dismiss and involved comparators arising from the same incidents or materially similar circumstances to plaintiff); *Trs. of Health & Hosps. of Bos. v. MCAD*, 449 Mass. 675, 682 (2007) (same but involved judicial review of an MCAD decision). Notably, *Trustees* involved a White male comparator to Black female plaintiffs, plausibly alleging *both* race and sex discrimination, unlike here. Similarly, Merrill misquotes *Smith College v. MCAD*, 376 Mass. 221 (1978) as inferring discriminatory motive from differential treatment must still be reasonable and grounded in proper comparators.

[2] *See also Martins v. Univ. of Mass. Med. Sch.*, 75 Mass. App. Ct. 623, 634, (2009) (citing *Goldhor* to support finding that email regarding separation of an unnamed employee was not defamatory on its face).

[3] None of the cases she cites support such a conclusion. *See Schrottman v. Barnicle*, 386 Mass. 627, 640-641 (1982) (allegation that defendant directly attributed racial epithet and racial comments to plaintiff in news article); *Jorjani v. N.J. Inst. of Tech.*, No. 18-cv-11693, 2019 U.S. Dist. LEXIS 39026, at *10-11 (D.N.J. Mar. 11, 2019) (allegation that article edited and misattributed plaintiff's own statements to make him appear racist; claim was also dismissed).

[4] *Disend*, 33 Mass. App. Ct. at 675 (employer expressly stated that demotion was due to "the specifics" of "an incident involving [the plaintiff]"); *Freadman v. Mass. Port. Auth.*, No. 2084CV02211, 2022 WL 2180237, at *14 (Mass. Super. Jan. 6, 2022) (alleged defamation arose from the "specific words" used to communicate the plaintiff's employment status); *Phelan v. May Dep't Stores Co.*, 443 Mass. 52 (2004) (plaintiff was publicly escorted through the workplace by a security guard).

wrongdoing. *Lucien v. Conlee*, No. 081066, 2009 WL 3085376, at *1, *6 (Mass. Super. Sept. 3, 2009). No such allegations are present here.[5] Draper is not alleged to have made reference to the investigation, to have stated or implied that the alleged demotion resulted from it, or even informed any staff that it had even been completed. *See Ricci v. Crowley*, 333 Mass. 26, 27 (1955) (removal announcement "did not reflect[] upon [the plaintiff's] character or probity," as opposed to decision "that another, perhaps more qualified, could do a better job."). Absent any act linking the staffing announcement to alleged wrongdoing, the claim fails as a matter of law.[6]

Even if the announcement could be plausibly construed as defamatory, Merrill's claim independently fails because she has not sufficiently pled Roderick or Draper acted with actual malice to overcome conditional privilege. All of Roderick's alleged statements regarding Merrill were made pursuant to his investigative role and Draper's was limited to announcing a staffing change. Merrill argues that the underlying corporate objective they allegedly pursued amounted to unlawful disparate treatment. But none of the cases she cites involve the actual malice standard for *defamation* claims – knowledge of falsity or reckless disregard for the truth.[7] *See*

---

[5] Merrill's characterization that the staffing announcement – which she characterizes as a purported "demotion" – was made "immediately" after the investigation is misleading (Opp. at 10). While the announcement may have come the next business day *after Merrill was informed* of the investigation's conclusion, no other staff would have experienced that same temporal proximity as Merrill does not allege that anyone else was even told the investigation concluded. Merrill amending her complaint to specifically identify several individuals who were interviewed as part of the investigation would not change this.

[6] Merrill's invocation that even a true statement of fact can be overcome with proof of actual malice (Opp. p. 11) is inapplicable because "[t]he exception to the truth defense is not constitutional when applied to matters of public concern" even for private-figure plaintiffs. *Noonan v. Staples, Inc.*, 556 F.3d 20, 28 n.7 (1st Cir. 2009). Here, Merrill alleges the communication was that a morning news anchor at a major network affiliate was demoted for racist conduct—this is speech that implicates a matter of public concern. *See Ayyadurai v. Floor64, Inc.*, 270 F. Supp. 3d 343, 361 (D. Mass. 2017) (holding that matter of public concern is one that "touch[es] on issues in which the public (even a small slice of the public) might be interested"). Merrill is also a limited-purpose public figure for this matter and therefore must plead constitutional actual malice—knowledge of falsity or reckless disregard for the truth—to bring such a claim. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964). She has not done so.

[7] *Weber v. Cmty. Teamwork, Inc.*, 434 Mass. 761, 782 (2001) (analyzing malice under intentional interference with advantageous relations claim); *LeGoff v. Trs. of Bos. Univ.*, 23 F. Supp. 2d 120, 130 (D. Mass. 1998) (same); *Abramian v. President of Harvard Coll.*, 432 Mass. 107, 122 (2000) (opining on potential discriminatory animus under 151B discrimination claim).

- 3 -

*Bratt v. Int'l Bus. Mach.*, 392 Mass. 508 (1984). Further, while Defendants reject Merrill's claim that DEI initiatives played a role in this employment matter, her assertion that DEI-related objectives equate to illegal "racial quotas" (Opp. at 12) is a "legal conclusion[] masquerading as facts" that courts need not credit on a motion to dismiss. *Saxena v. Univ. of Mass. Med. Sch.*, 442 F. Supp. 3d 395, 398 n.1 (D. Mass. 2020). Indeed, state authorities have expressly recognized that DEI initiatives, without more, are lawful.[8]

### III.    Merrill Fails to State Viable Tortious Interference Claims.

        A.  <u>The Sole Claim Against Mikell Should Be Dismissed.</u>

Merrill fails to respond entirely to two independent grounds for dismissal of her claim against Mikell—that reporting perceived differential treatment based on race and participating in the resulting investigation is legally protected activity and her failure to name Mikell in the MCAD charge. These alone warrant dismissal of the claim against him.[9]

        B.  <u>Merrill Does Not Allege Draper or Roderick Acted Out of Personal Animus.</u>

Merrill has not alleged any facts that Draper or Roderick acted with spite, ill will, or personal animus toward her. Even accepting that Roderick conducted an intentionally inadequate

---

[8] *See MCAD Commissioners Meeting* (Jan. 23, 2024) ([https://www.mass.gov/doc/mcad-commissioners-meeting-policy-question-03-a-statement-from-the-commissioners-of-the-massachusetts-commission-against-discrimination-on-workplace-diversity-equity-and-inclusion-programs-and-positions/download](https://www.mass.gov/doc/mcad-commissioners-meeting-policy-question-03-a-statement-from-the-commissioners-of-the-massachusetts-commission-against-discrimination-on-workplace-diversity-equity-and-inclusion-programs-and-positions/download)) (explaining that equity-based DEI work "does not, in and of itself, and without more, constitute race or other unlawful discrimination under Chapter 151B"); *Multi-State Guidance Concerning DEI and Accessibility Employment Initiatives* (Feb. 2025) ( [https://www.mass.gov/doc/multi-state-guidance-concerning-diversity-equity-inclusion-and-accessibility-employment-initiatives/download](https://www.mass.gov/doc/multi-state-guidance-concerning-diversity-equity-inclusion-and-accessibility-employment-initiatives/download)) (confirming continued legality of properly structured DEI initiatives).

[9] She further fails to plead actual malice. She does not allege that Mikell fabricated events; rather, she disputes only his interpretation of conduct she acknowledges occurred. At bottom, Mikell is alleged to have reported workplace concerns and participated in an internal investigation based on his own perceptions. The cases she cites are inapposite. In *McNamee v. Jenkins*, the plaintiff denied ever making the racial slur at issue or filing a false police report—facts the defendant allegedly knew to be untrue. Here, by contrast, Merrill does not deny making the statements or engaging in the conduct Mikell described; she disputes only their characterization or intent. *Smith v. Egan* likewise provides no support, as it involved the initiation of criminal proceedings despite knowledge that probable cause was lacking—an entirely different context requiring proof of a wrongful or unjustifiable motive. No. 24-cv-11794-DLC, 2025 LX 488854, at *12- 13 (D. Mass. Sep. 29, 2025).

or outcome-driven investigation,[10] the Complaint does not allege Draper knew the investigation was unreliable or aimed at a predetermined outcome. Making an employment decision in response to internal investigation findings that Merrill engaged in racially insensitive conduct does not plausibly allege spite, ill will, or personal animus against Merrill. At best, she alleges Draper acted to advance company policy against racial microaggressions and that Roderick intentionally sought to advance his employer's purported race-based discrimination through the investigation. Neither theory alleges they acted "maliciously" out of personal animus rather than based on a "sincerely held" belief that they are advancing company policy as required to bring a claim based on a supervisor's employment action. *See Gram*, 384 Mass. at 665.[11]

## CONCLUSION

For all the foregoing reasons, Counts I, IV, V, and VI[12] should be dismissed.

---

[10] This overstates the Complaint's allegations. Merrill does not dispute that she engaged in the alleged actions or made the alleged statements on which Roderick reported nor does she allege that Roderick invented statements, falsified witness accounts, or reported conclusions he knew to be false. *See Gram v. Liberty Mut. Ins. Co*., 384 Mass. 659, 665 (1981) (dismissing tortious interference claim where allegations failed to plausibly allege ill will toward plaintiff as opposed to sloppy or inadequate investigation); *Dick v. Woods Hole Oceanographic Inst.*, No. 21-cv-10007-DJC, 2021 WL 3146049 (D. Mass. July 26, 2021). Merrill's cited cases involved much more direct allegations of fabrication or intentional misrepresentation. *Mailhiot v. Liberty Bank & Tr. Co*., 24 Mass. App. Ct. 525, 527 (1987) (allegations defendant completely fabricated plaintiff's alleged misconduct); *Pine Polly, Inc. v. Integrated Packaging Films IPF, Inc.*, No. CIV.A. 13-11302-NMG, 2014 WL 1203106, at *6 (D. Mass. Mar. 19, 2014) (allegations defendant surreptitiously diverted product sales from plaintiff to itself); *Bhammer v. Loomis, Sayles & Co., Inc*., No. CV 15-14213-FDS, 2016 WL 3892371, at *7 (D. Mass. July 14, 2016) (allegations of intentional false misrepresentation to Plaintiff); *Brothers v. Town of Millbury*, No. 14-10122-TSH, 2014 WL 4102436 (D. Mass. Aug. 14, 2014) (allegations defendants created false charges against plaintiff).

[11] Further, as discussed *supra* n. 9, DEI is not illegal in Massachusetts. And as to the Collective Bargaining Agreement's preemption, Defendants do not contend – as the opposition incorrectly asserts – that a management-rights clause could authorize conduct motivated by unlawful racial animus. That is not the relevant inquiry for purposes of tortious interference. The law requires tortious interference claims to allege personal hostility or pursuit of an independent personal interest, not directed at advancing an employer's objectives. See *O'Donnell v. Boggs*, 611 F.3d 50, 55–56 (1st Cir. 2010). As discussed above, Plaintiff alleges Draper and Roderick acted in furtherance of Defendants' asserted corporate objectives, not out of personal hostility or self-interest. Because personal motive—not alleged corporate animus—is the dispositive issue, the CBA's management-rights clause remains relevant to whether Draper and Roderick were acting within the scope of their authority. Plaintiff's attempt to sidestep that analysis by recasting her allegations as racial animus does not salvage her tortious interference claims.

[12] Merrill acknowledges in her Opposition that Count VI should be dismissed. (Opp. at 1.)

Dated: January 28, 2026

Respectfully submitted

DEFENDANTS PARAMOUNT GLOBAL AND
CBS BROADCASTING INC; WBZ-TV, JASON
MIKELL, JUSTIN DRAPER, AND MICHAEL
RODERICK

By their attorneys,
PROSKAUER ROSE, LLP

/s/ Mark W. Batten

Mark Batten (BBO# 566211)
One International Place, 22 Floor
Boston, MA 02110
(617) 526-9600
(617) 526-9899 (Fax)
mbatten@proskauer.com

Alexandra (Lexie) Reynolds (BBO# 690501)
PO Box 52
Vestal, NY 13851
(973) 681-6386
(617) 526-9899 (Fax)
areynolds@proskauer.com

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's ECF filing system, this 28th day of January, 2026.


_/s/ Mark W. Batten_____