**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| KATHERINE MERRILL DUNHAM, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| WBZ-TV, COLUMBIA BROADCASTING SYSTEM, INC., PARAMOUNT GLOBAL, INC., JUSTIN DRAPER, and MICHAEL RODERICK, | ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 25-12195-MJJ

Defendants, Paramount Global[1] ("Paramount"), WBZ-TV, CBS Broadcasting Inc[2] ("CBS") (collectively, the "Paramount entities"), Justin Draper, and Michael Roderick (collectively, the "Individual Defendants" and collectively with the Paramount entities, the "Defendants"), by and through undersigned counsel, hereby state as follows for their answer to Plaintiff Katherine Merrill Dunham's ("Merrill" or "Plaintiff") Complaint and Demand for Jury Trial (the "Complaint"). Except for those specifically admitted herein, Defendants deny each and every allegation in the Complaint, including its headings, sub-headings, and footnotes.

The four unnumbered paragraphs at the start of the Complaint contain a characterization of this action to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations of the introductory paragraphs and deny that Plaintiff is entitled to any relief.

---

[1] Paramount Global was incorrectly identified in the Complaint as Paramount Global, Inc.
[2] CBS Broadcasting Inc., a subsidiary of Paramount Global, is also incorrectly identified in the Complaint as Columbia Broadcasting Systems, Inc.

**AS TO "PARTIES"**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 1, and therefore deny those allegations.

2. Defendants admit the allegations of the first and third sentences of Paragraph 2, and deny the allegations of the second sentence.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4, except admit that Paramount employs over 300 employees.

5. Defendants deny the allegations of Paragraph 5 except admit that Ms. Merrill rendered services to television station WBZ-TV.

6. Defendants admit the allegations of the first sentence of Paragraph 6 of the Complaint, and deny the allegations of the second sentence.

7. Defendants admit the allegations of the first sentence of Paragraph 7 of the Complaint, and deny the allegations of the second sentence.

8. Defendants admit the allegations of the first sentence of Paragraph 8.  The allegations of the second sentence are too vague to permit a response, and Defendants accordingly deny those allegations.

9. Defendants deny the allegations in Paragraph 9, except admit that Mr. Roderick was Vice President, Employee Relations at Paramount at relevant times to the alleged events, and admit that his responsibilities included conducting investigations into complaints of discrimination.

**AS TO "JURISDICTION AND VENUE"**

10. Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations in Paragraph 10 and therefore deny them.

11. Paragraph 11 contains a characterization of a document which speaks for itself.  Defendants otherwise deny the allegations of Paragraph 11.

12. Paragraph 12 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations in Paragraph 12.

13. Paragraph 13 states legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations in Paragraph 13.

## AS TO "STATEMENT OF FACTS"

### As to "Ms. Merrill's Employment History And Record of Exemplary Performance"

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny them.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore deny them, except admit that Plaintiff joined WBZ in Boston, Massachusetts as a reporter in 2004, that Plaintiff was involved in reporting on the 2004 Democratic National Convention in Boston, 2004 Red Sox World Series win, several Patriots Super Bowls, and 2013 Marathon bombings, and that Plaintiff earned at least one Emmy Award while at WBZ.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants deny the first two sentences in Paragraph 17, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore deny them.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny them.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 regarding Plaintiff's personal history and therefore deny them. Defendants further deny any implication that the absence of prior accusations precludes a finding of microaggressions or unconscious bias.

### As to "Diversity, Equity and Inclusion Mandate of Paramount, CBS & WBZ"

20. Defendants admit that the articles referenced in Paragraph 20 were published but otherwise deny the allegations in Paragraph 20.

21. Defendants admit that the article referenced in Paragraph 21 was published, but otherwise deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22, except to admit that Ms. McMahon was hired as Co-President, CBS News and Stations in 2021.

23. Defendants admit that the quoted language appears on the website identified in Paragraph 23, but otherwise deny the allegations in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24, except admit that Jessi Miller was employed at WBZ from 1997 to 2022 and was WBZ News Director from 2020 to 2022, and that Gerardo Lopez began as WBZ News Director in August 2022.

25. Defendants admit that the article referenced in Paragraph 25 was published, but otherwise deny the allegations in Paragraph 25.

26. Defendants admit that the article referenced in Paragraph 26 was published, but otherwise deny the allegations in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27, except admit that Ms. Ciprian-Matthews was promoted to President of CBS News in August 2023.

28. Defendants deny the allegations contained in Paragraph 28, except admit that Jeff Vaughn worked as a news anchor at CBS's Los Angeles affiliate for 8 years until September 2023 and that he filed the suit referenced in Paragraph 28.  Defendants further answer that, on April 7, 2026, the U.S. District Court for the Central District of California granted summary judgment against Vaughn and dismissed the case.

### As to "Diversity Directives' Impact at WBZ"

29. Defendants deny the allegations contained in Paragraph 29, except admit that Cole was hired by WBZ in July 2022 as an anchor.

30. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30, except admit that Mr. Tanaka joined WBZ as a co-anchor in 2022.

31. Defendants deny the allegations contained in Paragraph 31, except admit Ms. Cole, Ms. Pitts, and Ms. Meiler filled in as co-anchors on the morning show multiple times in 2023.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 regarding Plaintiff's subjective concerns and therefore deny them.

33. Defendants deny the allegations in Paragraph 33, except admit that Laurie Orlando was the Senior Vice President of Talent Strategy for CBS News and Stations at relevant times to the alleged events and admit that Ms. Merrill met with Ms. Orlando in or about 2022 or 2023.

34. Defendants deny the allegations contained in Paragraph 34, except admit that Ms. Orlando stated that Ms. Cole was hired as a weekend anchor.

35. Defendants deny the allegations contained in Paragraph 35, except admit that Tiffany Chan was promoted to weekend morning anchor in or around June 2023 and self-identified as Asian.

36. Defendants admit that Mikell joined WBZ as a meteorologist in 2023 and identifies as Black. Defendants lack knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 36, and therefore deny those allegations.  Defendants otherwise deny the allegations in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37, except admit that meteorologist Zack Green completed his contract term in or about September 2023 after he was informed that his contract was not being renewed.

38. Defendants deny the allegations contained in Paragraph 38, except admit that Mikell was hired as a meteorologist at WBZ.

### *As to "Ms. Merrill's Interactions with Defendants Mikell and Cole"*

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40, but admit that Merrill and Mikell exchanged

the text messages contained within Exhibit C to the Complaint.

41. Defendants deny the allegations contained in Paragraph 41, except admit that Mikell made an on-air comment regarding a gazebo, that Plaintiff's Executive Producer raised the comment with Lopez, and that Mikell was not disciplined for the comment.

42. Paragraph 42 contains a characterization of a document which speaks for itself. Defendants otherwise deny the allegations of Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43, except admit that Katrina Kincaid resigned from WBZ at the end of March 2024 and that she expressed concerns in her exit interview regarding Plaintiff, including regarding lack of mentoring.

44. Defendants deny the allegations contained in Paragraph 44.

45. Paragraph 45 contains a characterization of a document which speaks for itself. Defendants otherwise deny the allegations of Paragraph 45.

46. Defendants deny the allegations in Paragraph 46, except admit that Plaintiff submitted a complaint to WBZ's Human Resources department regarding alleged interactions with Mr. Mikell.

47. Paragraph 47 contains a characterization of a document which speaks for itself. Defendants otherwise deny the allegations contained in Paragraph 47, except admit that Jordyn Jagolinzer was a fill-in traffic reporter in or about April 2025.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49, except admit that Mr. Roderick contacted Plaintiff on or about April 10, 2024 to schedule an interview with her.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51, except admit that during the investigation, Mr. Mikell raised concerns regarding Plaintiff's conduct toward colleagues of color. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff was able

to determine, and therefore deny those allegations.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, except admit that Plaintiff denied that her conduct was motivated by overt racism or unconscious bias.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54, except admit that during the investigation, Ms. Cole raised concerns regarding Plaintiff's conduct toward colleagues of color. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff was able to determine, and therefore deny those allegations.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, except admit that Plaintiff denied that her conduct was motivated by overt racism or unconscious bias.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants admit that during the investigation, allegations were raised that Plaintiff rolled her eyes when interacting with colleagues of color and did not greet them, in contrast to her interactions with white colleagues, and admit that Mr. Roderick informed Plaintiff of these allegations during the investigation.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, except admit that Plaintiff denied that her conduct was motivated by overt racism or unconscious bias.

59. Defendants deny the allegations of Paragraph 59 except to admit that Plaintiff provided the names of certain alleged witnesses to Mr. Roderick during the investigation.  Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's motive in doing so.

60. Defendants deny the allegations contained in Paragraph 60, except admit that Ms. Jagolinzer was not one of the witnesses Mr. Roderick interviewed.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62, except admit that Roderick informed Plaintiff that concerns had been raised that she had created an unwelcoming work environment for people of color at the station, Plaintiff identified multiple people of color at the station for Mr. Roderick to speak to, including WBZ's Morning Tech Director Tisha Wilson, and WBZ's former News Director Johnny Green.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's characterizations of her relationships with those individuals and therefore deny them.

63. Defendants deny the allegations contained in Paragraph 63, except admit that Mr. Reid was not interviewed as part of the investigation into alleged actions by Ms. Merrill.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants admit that on May 17, 2024, Roderick delivered his findings, including that the allegations of microaggressions against Plaintiff were substantiated and that Plaintiff's characterization of Mikell's conduct on April 3, 2024 was not corroborated by witnesses. Defendants admit that Mr. Roderick did not give Ms. Merrill a copy of his investigation report.

66. Defendants deny the allegations of Paragraph 66 except to admit that a Written Warning was issued to Plaintiff on May 17, 2024, which speaks for itself. Defendants deny any implication that the Written Warning was improper or unwarranted.

67. Paragraph 67 contains a characterization of a document, which speaks for itself and therefore no response is required.  To the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 67 except to admit that the Written Warning addressed Plaintiff's complaint about Mikell, that Plaintiff emailed HR on April 5, 2024, regarding the April 3 interaction with Mr. Mikell, and that Mr. Roderick interviewed Plaintiff about that complaint during his interview of Plaintiff on April 10, 2024.

68. Defendants deny the allegations contained in Paragraph 68.

69. Paragraph 69 contains characterizations of a document, which speaks for itself and so no response is required.  To the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 69, except to admit that the Written Warning referenced statements made by Plaintiff during the investigation, including that Plaintiff recommended Nashville to Ms. Cole in part because Plaintiff previously worked there and "there is no racism or racists" in Nashville, that Plaintiff informed the investigator that she did not see anything inappropriate in her remark about Mr. Mikell doing "garbage collection" as "the garbage collectors in [Plaintiff's] neighborhood are all white."

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore deny them.

72. Defendants deny the allegations contained in Paragraph 72, except admit that Mr. Draper informed Plaintiff that she would be moved from the weekday morning show co-anchor position to the weekend anchor position, admit that Mr. Draper had previously told Plaintiff he valued her, and that a promotional piece about Plaintiff's twentieth anniversary at WBZ aired in or about March 2024.  Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's communications with her alleged "extensive industry contacts."

73. Defendants admit the allegations in Paragraph 73.

74. Defendants admit the allegations in Paragraph 74.

75. Defendants deny the allegations contained in Paragraph 75 but admit that on Monday, May 20, 2024, Mr. Draper said during the Morning Editorial staff meeting and the Afternoon Editorial staff meeting that Plaintiff would be moving from the morning show to the weekend anchor position and reporting during the week.

76. Defendants deny the allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants deny the allegations contained in Paragraph 78, except Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding her memory and therefore deny that allegation.

79. Defendants deny the allegations contained in Paragraph 79, except admit that Mikell was not disciplined for the referenced on-air comment and that Mr. Tanaka was not demoted for the referenced "Dirty Jobs" comment. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's communications with SAG-AFTRA colleagues or leaders and therefore deny them.

80. Defendants deny the allegations contained in Paragraph 80, and otherwise lack knowledge or information sufficient to form a belief as to conversations Plaintiff has had with others and therefore deny those allegations.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 as to what Plaintiff was told. Defendants otherwise deny the allegations of Paragraph 81, including any allegation that a move to a weekend anchor position was "career ending."

82. Defendants deny the allegations contained in Paragraph 82, except admit that Plaintiff submitted her resignation on May 24, 2024.

83. Defendants deny the allegations contained in Paragraph 83.

84. Defendants admit the allegations of the first sentence of Paragraph 84 and deny the remainder.

85. Defendants deny the allegations contained in Paragraph 85.

86. Defendants admit that there was a dispute regarding the payment of Plaintiff's accrued vacation pay but deny that vacation pay remains unpaid. Plaintiff's Count VI for untimely payment of wages was dismissed in the Court's Order issued on May 29, 2026. Dkt. 16 at 2, n.1.

**AS TO "COUNT I"[3]**
**AS TO "UNLAWFUL DISCRIMINATION ON THE BASIS OF GENDER / SEX**
**IN VIOLATION OF G.L. c. 151B and TITLE VII OF THE CIVIL RIGHTS ACT OF**
**1964, 42 U.S.C. § 2000e-1(k)**
**(Against Defendants WBZ, CBS, Paramount and Draper)"**

87. In response to Paragraph 87, Defendants incorporate their answers to Paragraphs 1 through 86 as if fully set forth herein.

88. Defendants deny the allegations contained in Paragraph 88.

89. Defendants deny the allegations contained in Paragraph 89.

90. Defendants deny the allegations contained in Paragraph 90.

**AS TO "COUNT II"**
**AS TO" UNLAWFUL DISCRIMINATION ON THE BASIS OF RACE**
**IN VIOLATION OF G.L. c. 151B and TITLE VII OF THE CIVIL RIGHTS ACT OF**
**1964, 42 U.S.C. § 2000e-1(k)**
**(Against Defendants WBZ, CBS, Paramount and Draper)"**

91. In response to Paragraph 91, Defendants incorporate their answers to Paragraphs 1 through 90 as if fully set forth herein.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

94. Defendants deny the allegations contained in Paragraph 94.

**AS TO "COUNT III"**
**AS TO "FAILURE ADEQUATELY TO INVESTIGATE IN VIOLATION OF G.L. c.**
**151B**
**(Against Defendants WBZ, CBS, Paramount, Draper and Roderick)"**

95. In response to Paragraph 95, Defendants incorporate their answers to Paragraphs 1 through 94 as if fully set forth herein.

96. Defendants deny the allegations contained in Paragraph 96.

97. Defendants deny the allegations contained in Paragraph 97.

98. Defendants deny the allegations contained in Paragraph 98.

---

[3] The Court's Order issued on May 29, 2026 dismissed Count I.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100.

101. Defendants deny the allegations contained in Paragraph 101.

102. Defendants deny the allegations contained in Paragraph 102.

103. Defendants deny the allegations contained in Paragraph 103.

## AS TO "COUNT IV"[4]
## AS TO "DEFAMATION
## (Against Defendants WBZ, CBS, Paramount and Draper)"

104. In response to Paragraph 104, Defendants incorporate their answers to Paragraphs 1 through 103 as if fully set forth herein.

105. Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106.

107. Defendants deny the allegations contained in Paragraph 107.

## AS TO "COUNT V"[5]
## AS TO "TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONS
## (Against Defendants Draper, Roderick, Mikell and Cole)"

108. In response to Paragraph 108, Defendants incorporate their answers to Paragraphs 1 through 107 as if fully set forth herein.

109. The allegations contained in Paragraph 109 state legal conclusions to which no response is required.

110. Defendants deny the allegations contained in Paragraph 110, except to admit that Mr. Mikell and Ms. Cole were aware of Plaintiff's employment.

111. Defendants deny the allegations contained in Paragraph 111.

112. Defendants deny the allegations contained in Paragraph 112.

113. Defendants deny the allegations contained in Paragraph 113, except to admit that Mr.

---

[4] The Court's Order issued on May 29, 2026 dismissed Count IV.
[5] The Court's Order issued on May 29, 2026 dismissed Count V.

Roderick was aware of Plaintiff's employment.

114. Defendants deny the allegations contained in Paragraph 114.

115. Defendants deny the allegations contained in Paragraph 115.

116. Defendants deny the allegations contained in Paragraph 116, except to admit that Mr.

Draper was aware of Plaintiff's employment.

117. Defendants deny the allegations contained in Paragraph 117.

118. Defendants deny the allegations contained in Paragraph 118.

119. Defendants deny the allegations contained in Paragraph 119.

**AS TO "COUNT VI"[6]**
**AS TO "UNTIMELY PAYMENT OF WAGES – G.L. c. 149, sec. 148**
**(Against Defendants WBZ, CBS and Paramount)"**

120. In response to Paragraph 120, Defendants incorporate their answers to Paragraphs 1

through 119 as if fully set forth herein.

121. Defendants deny the allegations contained in Paragraph 121.

122. Defendants deny the allegations contained in Paragraph 122.

**AS TO "RELIEF REQUESTED"**

123. Defendants deny the allegations in the Complaint's prayer for relief, and specifically deny that

Plaintiff is entitled to any relief whatsoever.

**AS TO "JURY DEMAND"**

124. Defendants deny the allegations set forth in the "Jury Demand" paragraph of the Complaint,

except admit that Plaintiff purports to demand a trial by jury.

---

[6] The Court's Order issued on May 29, 2026 dismissed Count VI.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

125. The Complaint, and each Count thereof, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### Legitimate, Non-Discriminatory Business Reasons

126. Any employment decisions affecting Plaintiff were based on legitimate, nondiscriminatory, and non-retaliatory business reasons unrelated to Plaintiff's race or membership in any other protected class.

### THIRD AFFIRMATIVE DEFENSE

### No Adverse Employment Action

127. Plaintiff voluntarily resigned and was not constructively discharged; the conditions of her employment were not so intolerable that a reasonable person would have felt compelled to resign. Plaintiff's reassignment did not constitute an adverse employment action, and Plaintiff did not allow the reassignment to take effect before resigning.

### FOURTH AFFIRMATIVE DEFENSE

### Failure to Exhaust Administrative Remedies

128. To the extent any claims or theories were not encompassed by Plaintiff's MCAD/EEOC Charge of Discrimination, those claims are barred for failure to exhaust administrative prerequisites.

### FIFTH AFFIRMATIVE DEFENSE

### Statute of Limitations

129. Any claims based on discrete acts occurring outside the applicable limitations period are time-barred.

## SIXTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

130. Plaintiff failed to exercise reasonable diligence to mitigate her damages, including by voluntarily resigning before her reassignment took effect and by failing to seek comparable employment thereafter.

## SEVENTH AFFIRMATIVE DEFENSE

### No Punitive Damages

131. Defendants acted in good faith and made good-faith efforts to comply with anti-discrimination laws, including Title VII, barring or limiting any award of punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

### Caps on Damages

132. Any damages awarded under Title VII are subject to the statutory caps set forth in 42 U.S.C. § 1981a(b)(3).

## NINTH AFFIRMATIVE DEFENSE

### No Individual Liability Under Title VII

133. To the extent any Title VII claim is asserted against any Defendant in his individual capacity, individual defendants are not "employers" subject to liability under Title VII.

## TENTH AFFIRMATIVE DEFENSE

### Adequate Investigation

134. Defendants conducted a prompt, thorough, and impartial investigation into the complaints, satisfying their obligations under G.L. c. 151B.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Interference with Protected Rights

135. Defendants' actions did not interfere with, restrain, or deny any rights protected by G.L. c.

151B § 4(4A), and Defendants took appropriate remedial action.

## TWELFTH AFFIRMATIVE DEFENSE

### Reasonable Remedial Steps

136. Defendants took steps reasonably calculated to address the workplace issues identified during the investigation, thereby satisfying their obligations under G.L. c. 151B.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Good Faith Investigation and Personnel Decisions

137. Defendants acted in good faith in investigating employee complaints and making personnel decisions.  Decisions were based on information reasonably believed to be true at the time.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Same Decision Defense

138. Even absent any allegedly impermissible consideration, Defendants would have made the same employment decisions based on the same legitimate business reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

### No Discriminatory Intent

139. Defendants lacked discriminatory animus and did not act because of Plaintiff's race.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Comparators Not Similarly Situated

140. Any alleged comparators were not similarly situated in all material respects.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Speculative Damages

141. Claimed damages are speculative, remote, unsupported, or otherwise unrecoverable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Offset/Setoff

142. Any damages must be reduced by earnings, benefits, severance, unemployment compensation, or other amounts received.

## NINETEENTH AFFIRMATIVE DEFENSE

### No Entitlement to Emotional Distress Damages Beyond Proof

143. Plaintiff must prove any emotional distress damages by competent evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

### Actions within Scope of Employment

144. Any actions taken by management personnel were undertaken within the scope of their employment and for legitimate business purposes.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Unclean Hands

145. Plaintiff's demand for equitable relief, if any, is barred by the doctrine of estoppel and unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Injury Caused By Plaintiff Or Others

146. To the extent Plaintiff suffered any injury, which Defendants deny, that injury was caused exclusively by Plaintiff's own actions or those of third parties.

Defendants reserve the right to amend their Answer to assert additional affirmative defenses as discovery progresses and additional facts become known.

Dated: June 12, 2026

Respectfully submitted,

PARAMOUNT GLOBAL
CBS BROADCASTING INC
WBZ-TV
JUSTIN DRAPER
MICHAEL RODERICK

By their attorneys,
PROSKAUER ROSE, LLP


 */s/ Mark W. Batten*

Mark Batten (BBO# 566211)
One International Place, 22nd Floor
Boston, MA 02110
(617) 526-9600
(617) 526-9899 (Fax)
mbatten@proskauer.com

Alexandra (Lexie) Reynolds (BBO# 690501)
PO Box 52
Vestal, NY 13851
(973) 681-6386
(617) 526-9899 (Fax)
areynolds@proskauer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's ECF filing system, this 12th day of June, 2026.


_/s/ Mark W. Batten_____