**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHERINE MERRILL DUNHAM,<br><br>Plaintiff,<br><br>v.<br><br>WBZ-TV, COLUMBIA BROADCASTING SYSTEM, INC., PARAMOUNT GLOBAL, INC., JUSTIN DRAPER, and MICHAEL RODERICK,<br><br>Defendants. | Civil Action No. 1:25-cv-12195-(MJJ) |

**STIPULATED CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Katherine Merrill Dunham and Defendants WBZ-TV, Columbia Broadcasting System, Inc., Paramount Global, Inc., Justin Draper, and Michael Roderick (each, a "Party," and collectively, the "Parties"), request this Court to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) with respect to discovery in connection with the above-captioned litigation;

WHEREAS, the Parties agree to the following terms;

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this litigation;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1. The term "Discovery Information" refers to documents, deposition testimony, deposition exhibits, deposition transcripts, written responses to discovery requests, responses to

interrogatories, responses to requests for admission, and responses to requests for documents, and any other information or material produced, given or exchanged by the Parties to this Action or by third parties. All Discovery Information shall be handled in accordance with this Order.

2. The term "Confidential" shall mean any Discovery Information that the Party producing or disclosing Discovery Information (each, a "Producing Party") reasonably and in good faith believes contains or reflects private or confidential information (including but not limited to medical records and Protected Health Information under HIPAA, Personally Identifiable Information, and personal financial/economic information), and/or where the Discovery Information contains commercially sensitive financial or business information that the Producing Party has treated as confidential in the ordinary course of business.

3. The term "Confidential Discovery Information" shall mean any Discovery Information designated "Confidential."

4. Any Confidential Discovery Information may be used solely for the purpose of this lawsuit and for no other purpose.

5. With respect to Confidential Discovery Information other than deposition transcripts and exhibits, the Producing Party may designate such portion as "Confidential" by stamping or otherwise clearly affixing the legend "CONFIDENTIAL" to each page that contains the protected portion, in a manner that will not interfere with legibility or audibility. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." Upon being notified that Confidential Discovery Information will be used in a public filing, the Producing Party will have at least three business days prior to the filing to provide a copy of any such Confidential Discovery Information with the confidential information redacted therefrom, unless otherwise

agreed upon by the Parties.

6. If Confidential Discovery Information is used in depositions, all portions of the transcript of such depositions pertaining to the Confidential Discovery Information, and any exhibits referring or relating to the Confidential Discovery Information, shall themselves be considered designated accordingly. The use or introduction of Confidential Discovery Information as exhibits at a deposition shall not constitute a waiver of their confidential status, and such documents and information shall continue to be subject to the protections afforded by this Order. In addition, the deponent is deemed to be ordered that, pursuant to this Order, he or she may not divulge any such Confidential Discovery Information except to Qualified Persons. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Discovery Information shall be taken only in the presence of persons who are qualified to have access to such information.

7. Any Party wishing to designate additional portions of a deposition transcript as Confidential pursuant to this Order (the "Designating Party") must state on the record at the conclusion of the deposition the Designating Party's intention to designate certain portions of the transcript confidential. The Designating Party must then, within ten (10) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The Designating Party may designate portions of the transcript Confidential Discovery Information in accordance with Paragraph 2 of this Order. The Designating Party shall designate such Confidential Discovery Information by serving upon all counsel of record a Notice setting forth the page, line numbers and designation within fourteen (14) business days after its counsel receives a copy of the deposition transcript. All depositions during which a Designating Party has stated its intention to designate portions of the transcript confidential will be treated as confidential until the expiration of the fourteen (14) day period

described in this Paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The Parties shall negotiate in good faith to alter the time frames set forth in this Paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

8. Any Discovery Information, or portions thereof, designated "Confidential" shall be treated in a strictly confidential manner and shall be disclosed only pursuant to the terms of this Order.

9. This Order binds the Parties and certain others to treat as "Confidential" any Confidential Discovery Information so classified. The Court has not, however, made any finding regarding the confidentiality of any Confidential Discovery Information, and retains full discretion to determine whether to afford confidential treatment to any Discovery Information designated as "Confidential" hereunder. Before filing any Confidential Discovery Information with this Court, or filing portions of any pleadings, motions or other papers that disclose such Confidential Discovery Information ("Confidential Court Submission"), the Parties shall meet and confer to assess whether such information must be filed under seal. If the Producing Party contends that the information must be sealed, the Producing Party will file a motion within five days of the Parties' meeting in accordance with Local Rule 7.2. If such a motion is filed, no Confidential Discovery Information shall be filed until the impoundment motion is decided.

10. Before disclosing Confidential Discovery Information to any Qualified Recipient pursuant to Paragraph 12 hereof, counsel must provide a copy of this Order to such person who must agree to be bound by its terms.

11. Confidential Discovery Information shall be provided only to the receiving Party's counsel (including counsel's staff). Such Confidential Discovery Information may then be disclosed by the receiving Party's counsel to "Qualified Recipients" as defined in Paragraph 12

hereof, subject to the restrictions contained in this Order.

12. The following are "Qualified Recipients" of Discovery Information designated as "Confidential":

a. the named Parties to this action, and in the case of the corporate Defendants, this includes any of their respective (current or former) employees, partners, agents, counsel, attorneys, representatives, parents, subsidiaries, affiliates, predecessors, successors and assigns to whom it is reasonably necessary to disclose the "Confidential" Discovery Information for this litigation;

b. counsel for the named Parties to this action (including counsel's staff);

c. any independent experts or consultants (i.e., non-testifying experts) retained by the named Parties to assist in this action;

d. the Parties' insurers (to the extent applicable);

e. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel engage in connection with this action;

f. any third-party mediator selected by the Parties or assigned to assist by the Court, including their administrative staff;

g. the Court, Court personnel and court reporters;

h. any person identified, either on the face of the documents or through testimony or discovery response, as an author, subject or recipient of the documents in the ordinary course of business, provided that the use or disclosure is limited to said documents or information derived therefrom; and

i. persons or entities noticed or reasonably expected to be noticed for

depositions or designated as trial witnesses, and their counsel, only to the extent such access is reasonable and in good faith deemed necessary by counsel for any of the parties: (1) to adequately prepare such deponents and witnesses to testify, or (2) for the purpose of obtaining relevant testimony from such deponents or witnesses.

13. No person having access to any Confidential Discovery Information shall disclose in any manner its contents to any person other than to those persons specifically identified in Paragraphs 12(a) through 12(i) above, and no such disclosure shall be made for any purpose other than those specified in this Order.

14. Any third party producing Discovery Information voluntarily or pursuant to a subpoena or a court order may designate such Discovery Information in the same manner and shall receive the same level of protection under this Order as any Party to this action. A third party's use of this Order to protect its confidential information does not entitle that third party to gain access to Confidential Discovery Information produced by any Party or other third party in this action.

15. No Party concedes that any Confidential Discovery Information does in fact contain or reflect confidential information as defined herein. A Party shall not be obliged to challenge the proprietary nature of the designation of information as confidential information at the time made, and failure to do so shall not preclude a subsequent challenge thereof whether during the pendency of this litigation or afterwards. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Local Rule 37.1. The Party seeking to uphold a Confidential designation shall bear the burden of

establishing good cause for maintaining such designation. During the pendency of the motion, the designated information at issue shall continue to be treated as Confidential until the Court orders otherwise. In the event the Court rules that the challenged material is not confidential, the Producing Party shall reproduce copies of all material so de-designated without the "Confidential" labeling, at the expense of Producing Party, within ten business days of the Court's ruling.

16. In the event that the Producing Party inadvertently fails to stamp or otherwise designate Discovery Information as Confidential at the time of its disclosure, the Producing Party shall not be deemed to have waived its right to designate the Discovery Information as Confidential. Any inadvertent or unintentional disclosure shall not preclude the Producing Party from later designating such information as Confidential, provided that it shall not be considered a violation of this Order to disclose such undesignated Discovery Information any time prior to the Producing Party's designation of such information as Confidential.

17. Inadvertent failure to designate Discovery Information as Confidential at the time of production may be remedied by means of supplemental written notice and the provision of copies of properly stamped documents within two business days after providing such notice. However, should a receiving Party disclose any document furnished to it in the period between the document's disclosure to the receiving Party and the time the document is designated as Confidential by the Producing Party, no violation of this Order shall result. Upon receipt of such notice, the Parties shall treat all documents, materials or testimony so designated pursuant to the terms of this Order.

18. The Parties agree that pursuant to Federal Rule of Evidence 502 (b), (d) and (e), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document. Any

Party that receives such materials shall, upon written request setting forth the basis for a claim of attorney-client privilege or work product protection and representing that the disclosure was inadvertent, immediately return or destroy and certify destruction to the Producing Party such materials and all copies thereof.

19. The completion of discovery in this litigation shall not relieve a Party from its obligations under this Order.

20. Subject to the Court's rules and procedures, this Order shall not restrict in any manner the right of any Party to offer or use as evidence at the trial of this action any of the Confidential Discovery Information which is subject to this Order. To the extent any Party seeks to keep and maintain the confidentiality of such material at trial, such Party may, in advance of trial, apply to the Court for such treatment along with a showing of good cause in accordance with Local Rule 7.2. In the event the Court enters such an order providing for confidential treatment of any material at trial, no Party shall argue, question, or imply in any way, before a jury or other trier of fact, that the designation of such material as Confidential under this Order is improper or suspicious or that any adverse inferences may be drawn from such designation. Nothing in this Order shall be construed to affect the evidentiary admissibility or inadmissibility of any Confidential Discovery Information.

21. Within 60 days of the conclusion of the litigation (including any appeal), all Confidential Discovery Information as well as any copies, excerpts or summaries thereof (other than a Party's own confidential information), shall be destroyed or returned to the Producing Party. Notwithstanding this provision, counsel of record may retain archival copies of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence and attorney work product, even if such materials contain Confidential Discovery Information. Counsel of record for any Party receiving Confidential Discovery Information shall certify within 60 days of the

conclusion of the litigation to counsel for the producing or disclosing Party that the provisions of this paragraph have been complied with. The provisions of this Order shall not terminate with the disposition of this action.

22. Nothing in this Order will prevent any Party from producing any Confidential Discovery Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

23. This Order shall not constitute a waiver of any Party's or non-party's right to oppose any discovery request or object to the admissibility of any Confidential Discovery Information. Nothing in this Order shall prejudice any Party or non-party from seeking amendments to this Order broadening or restricting the rights of access to and use of confidential information hereunder, or other modifications, subject to order by the Court.

24. The Parties declare that they fully understand and agree to the terms and conditions of this Order.

25. Nothing in this Order is intended to modify any pre-existing agreement or stipulation previously entered into by any Party or third party.

26. If any provision or term of this Order should be determined to be or rendered invalid or unenforceable, all other provisions and terms of this Order and the application thereof to all Parties and circumstances subject thereto shall remain unaffected to the extent permitted by law.

27. This Court will retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for contempt thereof.

Date: October 1, 2026

AGREED TO BY:

KATHERINE MERRILL DUNHAM

By her attorneys,

/s/ Patricia A. Washienko
Patricia A. Washienko (BBO# 641615)
Allison L. Williard (BBO# 692652)
WASHIENKO LAW GROUP
211 Congress Street, Suite 720
Boston, MA 02110
(617) 723-0008
pwashienko@washienkolaw.com
awilliard@washienkolaw.com

Respectfully submitted,

PARAMOUNT GLOBAL; CBS BROADCASTING INC.; WBZ-TV, JUSTIN DRAPER, AND MICHAEL RODERICK

By their attorneys,

/s/ Mark W. Batten
Mark W. Batten (BBO# 566211)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
(617) 526-9850
mbatten@proskauer.com

Alexandra (Lexie) Reynolds (BBO# 690501)
PO Box 52
Vestal, NY 13851
(973) 681-6386
(617) 526-9899 (Fax)
areynolds@proskauer.com

SO ORDERED.

Dated: 10/02/2026

/s/ Myong J. Joun
Hon. Myong J. Joun
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's ECF filing system, this 1st day of October, 2026.

_*/s/ Mark W. Batten*__________